## Maxwell's Estate

*E. S. C. Sorber*, for petitioner.

*Mitinger & Mitinger*, for respondents.

COPELAND, P. J., September 11, 1947.—In the above matter, the will of decedent provided that each of her three children should appoint an appraiser and the three appraisers fix a fair and just valuation on a certain piece of real estate at 213 South Second Street, Jeannette, Pa. The will further provided that each of the children should have a right to take the property at the valuation in the following order—first, Marie

A. Patterson; second, Rhea B. Maxwell; and third, Arthur L. Maxwell. In the event none of the three wished to take the property, the executrix, Marie A. Patterson, was directed to sell the property and divide the proceeds among the three named children.

Decedent died October 10, 1933, and on November 29, 1933, the three children and their respective husbands and wives entered into a family agreement whereby Rhea B. Maxwell did "sell, assign, transfer and set over all his interest in said Estate, both real estate and personal property in equal shares to the said Marie A. Patterson and Arthur L. Maxwell . . ." By such agreement Rhea B. Maxwell divested himself of all rights under the will, including the right to appoint an appraiser and the right to take the property at the valuation to be fixed.

The family agreement further provided as follows:

"Whereas, the said Marie A. Patterson is Executrix of the will of the said Mrs. Clara B. Maxwell, deceased, and under the said Will of their Mother is authorized under certain conditions to sell the real estate of the said decedent; and whereas, on account of the depression in business, it does not seem advisable to sell the real estate at the present time under existing conditions; now, therefore, it is agreed by and among the parties hereto that the said Executrix shall hold, rent and manage the said real estate and out of the rentals therefrom she shall pay the taxes thereon, insurance premiums, make necessary repairs and pay the interest on the debts of the estate, so far as the receipts therefrom will reach, and that the said real estate shall not be sold or disposed of until there is a reasonable market for the same."

By this provision the court finds that the parties thereto merely postponed the sale or disposition of the property in the manner authorized by the will. They did not, by the family agreement, change in any re-

spect the provision of the will with respect to sale or disposition of the property, except to supply a date (when there is a reasonable market) for carrying out the terms of the will. Testatrix fixed no time for the valuation and taking or the sale of the property. The family agreement merely changed the time from a reasonable length of time to a future time when there would be a reasonable market.

No party attempts to deny that there is a reasonable market at this time, and therefore petitioner is entitled to have the property appraised as provided in the will. Since Rhea B. Maxwell has eliminated himself from any participation in this transaction and in order to carry out the provisions of the will as far as possible, the court believes that under its equity powers it has the authority to appoint the third appraiser.

The proceeds of the property, if taken by Marie A. Patterson or Arthur L. Maxwell, should not become part of the estate going into the hands of the executrix but the title should be perfected in the one taking at the valuation by appropriate papers executed by the other party.

In event it is necessary to sell the property by reason of the failure of either party to take it at the valuation, then the proceeds should be administered by the executrix providing she sells the property in her official capacity as directed by the will.

### Decree

And now, September 11, 1947, after hearing and due consideration, it is ordered, adjudged and decreed that the prayer of the petition be granted and the citation, directed to Arthur L. Maxwell to appoint an appraiser for the real estate situate at 213 South Second Street, Jeannette, Pa., under the terms of decedent's will, is made absolute and Arthur L. Maxwell is directed to

appoint such appraiser within 10 days of this order; and it is further ordered that Marie A. Patterson likewise appoint such an appraiser within the same time; such two appraisers to act with Frank Ognibene of Greensburg, Pa., as a third appraiser, who is hereby appointed as such by this court. The costs of this proceeding are to be paid from the proceeds realized from the disposition of the said real estate.